**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**NEVILLE A. HUTCHINSON**                                                             **PLAINTIFF**

**versus**                                  **CIVIL ACTION NO. 5:07cv181-DCB-MTP**

**CONSTANCE REESE**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the court on the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [19]. Having reviewed the submissions of the parties, and the applicable law and being fully advised in the premises, the undersigned recommends that the Defendant's Motion [19] be granted.

FACTUAL BACKGROUND

Plaintiff Neville A. Hutchinson was sentenced on November 9, 2001, by the United States District Court for the Eastern District of Virginia to a term of 78 months imprisonment followed by four years of supervised release for the crime of conspiracy to possess with intent to distribute one hundred kilos or more of marijuana. Plaintiff completed his criminal sentence of imprisonment on April 25, 2007, while he was housed in the Federal Correctional Complex in Yazoo City, Mississippi (hereinafter "FCC").[1] Because there was an immigration detainer on file for Plaintiff, he was held at FCC as an Immigration and Naturalization Service ("INS") detainee pending pick-up by the U.S. Immigration and Customs Enforcement ("ICE").[2] On May 15, 2007, Plaintiff was transferred from FCC to an "in-transit" facility, and arrived at the Federal Detention

---

[1] Plaintiff still had four years of supervised release.

[2] ICE was created in March 2003 by combining the law enforcement arms of the former INS and the former U.S. Customs Service. *See* http://www.ice.gov/about/.

Center in Oakdale, Louisiana on May 30, 2007, where he would remain as an INS detainee until he was deported to Jamaica.[3]  *See* Ex. 1 to Defendant's Motion [19-2].

Plaintiff, proceeding *pro se*, filed his complaint on or about September 25, 2007, against Constance Reese, former Warden at FCC,[4] where Plaintiff was previously housed and where his claims arose.  Plaintiff claims that Warden Reese violated his due process rights by illegally detaining him for twenty-one days after his release date on April 25, 2007.  During these twenty-one days, Plaintiff claims he was subjected to "force labor," which caused mental stress and insomnia.  *See* Amended Complaint [9] at ¶ 7.

Plaintiff claims that Warden Reese was notified by ICE eight months prior to his release date that he was subject to deportation.  *See* Amended Complaint [9] at ¶ 3; Ex. B.  He further claims that Warden Reese failed to acknowledge federal and local rules that give authorities only 48 hours to hold detainees for immigration purposes, and cites to 8 C.F.R. § 287.7(d).  Plaintiff seeks $21 million for the "damages, injury, humiliation, embrassment (sic), emotional and physical distress, expense, ect (sic)" caused by Warden Reese.  *See* Complaint [1] at ¶ 3.

## STANDARD

Because the Defendant has submitted matters outside the pleadings with her Motion to Dismiss or, in the Alternative, for Summary Judgment [19], the motion should be characterized as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).  This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendant demonstrates that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164

---

[3]Plaintiff is not a citizen or national of the United States; rather, he is a citizen of Jamaica. *See* Ex. B to Amended Complaint [9-2].

[4]Defendant Reese is currently the Warden at the Federal Correctional Institution in Talladega, Alabama.  *See* Memorandum [20] at 1.

(5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## ANALYSIS

Plaintiff filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). Moreover, the Fifth Circuit "consider[s] a person detained for deportation to be the equivalent of a pretrial detainee; a pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment." *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000).

### Official Capacity Claims

"[A] *Bivens* action may be maintained against a defendant only in his or her individual capacity, and not in his or her official capacity." *Pollack v. Meese*, 737 F. Supp. 663, 666 (D. D.C. 1990); *see also Gibson v. Fed. Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004). Accordingly, to the extent Plaintiff asserts claims against Warden Reese in her official capacity, those claims should be dismissed with prejudice.

### Due Process

Plaintiff claims that Warden Reese violated his due process rights by illegally detaining

him for twenty-one days beginning April 25, 2007, his release date. He also claims that Warden Reese was notified by ICE at least eight months prior to his release date that he was subject to deportation, yet failed to acknowledge the federal and local rules that give authorities only 48 hours to hold detainees for immigration purposes.

In her motion, Defendant cites to *Gonzales v. Collins*, 21 F.3d 1108, 1994 WL 171518, (5th Cir. Apr. 22, 1994) (unpub.), wherein the Fifth Circuit considered a claim similar to Plaintiff's. In *Gonzales*, the plaintiff filed a complaint against the Director of the Texas Department of Criminal Justice ("TDCJ"), claiming that his civil rights were violated when the TDCJ refused to release him to mandatory supervision as required by Texas statutory law. *Gonzales,* 1994 WL 171518, at *1. In affirming the district court's dismissal, the Fifth Circuit reasoned,

> It is true that Mr. Gonzales was ultimately released by the TDCJ in February 1993, many months after his release came due under Texas' mandatory supervision release statute. But, neither then, nor at any other time, was Mr. Gonzales entitled to be released to the free world. Instead, he was required to be, and was released to the custody of the Immigration and Naturalization Service (the "INS"), who had filed a detainer against him at the time he entered the TDCJ. To this date, Mr. Gonzales is being held under the authority of the INS awaiting his deportation to Cuba.
>
> Given that Mr. Gonzales was never entitled to be released to freedom under the Texas mandatory supervision release statute, but was entitled only to be transferred to federal detention under the authority of the INS, we hold that Mr. Gonzales, in failing to be timely released from state to federal custody, has suffered no deprivation of liberty, and hence has suffered no constitutional injury for which he is entitled to damages under § 1983.

*Id.*

Like Mr. Gonzales, Plaintiff was not entitled to be released to the free world after completing his criminal imprisonment sentence on April 25, 2007. Rather, pursuant to the detainer filed by the INS, he was to be transferred to the custody of the INS to await deportation to Jamaica. *See* Exs. 1, 3 to Motion [19-2]. Accordingly, Plaintiff suffered no deprivation of

4

liberty during these twenty-one days, and has suffered no constitutional injury for which he is entitled to damages. *See Gonzales,* 1994 WL 171518, at *1.

Moreover, there is no respondeat superior liability in *Bivens* actions. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Thus, in order for a prison official to be liable, they must either be personally involved in the acts that caused the constitutional deprivation, or they must "implement a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn*, 150 F.3d at 544. Plaintiff has failed to establish that Warden Reese was personally involved in the decision to hold him for twenty-one days past his release date until ICE picked him up for transfer, and has failed to establish that she implemented an unconstitutional policy that caused him to be detained for twenty-one days after his release date.

In her sworn declaration, Warden Reese states that members of her staff "routinely accomplished release of inmates and transfer to immigration authorities when they came to pick up detained inmates, without [her] personal involvement." *See* Ex. 9 to Motion [19-2]. She further states that she does not recall Plaintiff ever presenting a complaint to her regarding the issues in his complaint during the time he was at FCC. *Id.* Accordingly, even if there were a constitutional violation, Defendant cannot be liable. *See Cronn*, 150 F.3d at 544.

<u>Involuntary Servitude</u>

Plaintiff claims that during the twenty-one days he was illegally detained at FCC, he was subjected to "force labor," which caused him mental stress and insomnia. *See* Amended Complaint [9] at ¶ 7.

The Thirteenth Amendment states that "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const., XIII Amend., § 1. In

*Channer v. Hall*, 112 F.3d 214 (5th Cir. 1997), the Fifth Circuit addressed an INS detainee's claim that he was forced to work in violation of the Thirteenth Amendment. The Fifth Circuit held that, assuming *arguendo* the Thirteenth Amendment gave rise to an action for damages under *Bivens*, "the federal government is entitled to require a communal contribution by an INS detainee in the form of housekeeping tasks, and that [plaintiff's] kitchen service, for which he was paid, did not violate the Thirteenth Amendment's prohibition of involuntary servitude." *Channer*, 112 F.3d at 219.

The record reflects that while Plaintiff remained at FCC as an INS detainee from April 25, 2007 - May 15, 2007, while waiting for ICE to take him into custody, he remained in his same housing unit and continued with his assigned jobs. *See* Exs. 4-5 to Motion [19-2]. From April 25-30, 2007, Plaintiff was assigned to the Facilities Department Administrative Detail; from April 30, 2007 - May 7, 2007, he was assigned to Maintenance Detail; and from May 7, 2007 - May 15, 2007, he was assigned as a Unit Orderly. *See* Ex. 5 to Motion [19-2].

Plaintiff has failed to establish that he was "forced" to work. Indeed, the declarations from the BOP officers employed at FCC during this time, including Warden Reese, his Unit Manager, his Case Manager, his Correctional Counselor and his Work Supervisors, establish that Plaintiff made no complaints about working. *See* Exs. 9-14 to Motion [19-2]. Further, Gene Woods, who supervises the Facilities Department Administrative Detail, states in his declaration that inmates assigned to this detail are told that they do not have to work if they choose not to, and have the option of going to the recreation yard instead; however, they are told that they will not be paid if they do not work. *See* Ex. 13 to Motion [19-2]. Mr. Woods further states that Plaintiff never told him he did not want to work. *Id.*

The record also reflects that Plaintiff was paid $.12 an hour for his work. *See* Exs. 8, 13

6

to Motion [19-2]. Moreover, it appears that the jobs to which Plaintiff was assigned would fall in the category of "housekeeping tasks," which are an exception to the prohibition of involuntary servitude. *See Channer*, 112 F.3d at 219. Based on the foregoing, Plaintiff has failed to establish that he was forced to work in violation of the Thirteenth Amendment.

Plaintiff has also failed to establish that Warden Reese was personally involved in "forcing" him to work, and has failed to establish that she implemented an unconstitutional policy that forced him to work while he was an INS detainee. Accordingly, Warden Reese is also entitled to summary judgment on this basis. *See Cronn*, 150 F.3d at 544.

<u>Qualified Immunity</u>

Although Warden Reese has raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Thus, if the court finds that Plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether Warden Reese is entitled to qualified immunity. *Wells*, 45 F.3d at 93.

Accordingly, because Plaintiff's allegations fail to establish constitutional claims, the undersigned does not reach the issue of qualified immunity.

RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [19] be granted, and that this matter should be dismissed with prejudice.

<u>NOTICE OF RIGHT TO OBJECT</u>

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 15th day of October, 2008.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge